UNITED STATES DISTRICT CO URT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAWSON,

        Petitioner,

                            CASE NO. 2:14-CV-12603
v.                         HONORABLE GEORGE CARAM STEEH
                            UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Timothy Dawson, ("petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Kent County Circuit Court. Petitioner's conviction arises from the strangulation of his wife.

Petitioner's conviction was affirmed on appeal. *People v. Dawson*, No. 289931, 2010 WL 2629784 (Mich. Ct. App. July 1, 2010); *lv. den.* 488 Mich. 995, 791 N.W.2d 465 (2010).

Petitioner filed a petition for writ of habeas corpus, seeking relief on the claims he raised on his direct appeal in the state courts. *See Dawson v. Rapelje*, No. 2:11-CV-

15626 (E.D. Mich.). Petitioner moved to hold the petition in abeyance so that he could return to the state courts to exhaust additional claims. The Court denied the motion to stay. In response, petitioner moved to voluntarily dismiss his petition for writ of habeas corpus, which was granted. *See Dawson v. Rapelje*, No. 2:11-CV-15626 (E.D. Mich. May 23, 2012).

Petitioner filed a post-conviction motion for relief from judgment with the state courts, which was denied. *People v. Dawson,* No. 08-03462-FC (Kent County Circuit Court, August 28, 2012). The Michigan appellate courts denied petitioner leave to appeal. *People v. Dawson*, No. 314882 (Mich.Ct.App. October 23, 2013); *lv. den.* 495 Mich. 1005, 846 N.W.2d 556 (2014).

In his current petition, petitioner seeks habeas relief on the following grounds:

I. The petitioner was denied due process of law pursuant to the Fourteenth Amendment to the United States Constitution when the state trial court allowed the prosecution to use other acts ("bad acts") that raised an inference that the petitioner had a propensity to commit the charged crime, and when the prosecutor engaged in misconduct by relying on this evidence to argue about the type of person petitioner was.

II. The petitioner was denied his constitutional rights under the Sixth and Fourteenth (Due Process) Amendments of the United States Constitution when the petitioner was deprived of his right to compulsory process, confrontation and his guaranteed right to present a defense when the trial court disallowed a witness (Dwin Dykema) to testify about the deceased's "kinky side" in order to show that the decedent had an alternative lifestyle.

III. The petitioner was denied his constitutional rights pursuant to the Due Process Claus of the Fourteenth Amendment of the United States Constitution when: (A) his conviction rests upon insufficient evidence and, (B) appellate counsel failed to raise the insufficient evidence on appeal.

IV. The petitioner was denied his constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution when: (1) government officials, while the petitioner was represented by counsel, used a known informant who had acted in direct concert with state officials during (purported) incriminating pretrial jail conversations with the petitioner, and

these jailhouse conversations were used against the petitioner at the trial; (2) trial counsel neglected to file any type of pretrial exclusionary motions to thwart the incriminating testimony of the informant, nor did defense counsel object to the in-trial informant testimony, and (3) appellate counsel failed to brief the issue on the appeal as of right.

V. The petitioner was denied the effective assistance of: (A) trial and, (B) appellate counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution when counsel failed to obtain and investigate potential exonerating evidence in the form of telephone records from the Auto Owners Insurance Company (AIOC).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III. Discussion

#### A. Claim # 1. The prior bad acts evidence claim.

Petitioner first claims that he is entitled to habeas relief because the trial court permitted the prosecutor to introduce prior bad acts evidence in the form of petitioner's past abuse and improper treatment of the victim. Petitioner claims that this evidence was not admitted for a proper purpose under M.R.E. 404(b), but was used merely to show that petitioner was a bad person who had a propensity to commit the murder. Petitioner further claims that the evidence was more prejudicial than probative.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus,

errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Petitioner is not entitled to relief on his first claim.

**B. Claims # 2-5. The procedurally defaulted claims.**

The Court will discuss petitioner's procedurally defaulted claims together for judicial economy and clarity. Respondent claims that petitioner's remaining claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a habeas petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In his second claim, petitioner alleges that his constitutional right to present a defense and to confront witnesses was violated when the trial court excluded evidence of the contents of e-mail communications that petitioner wished to

introduce to show the victim's "kinky side."

Respondent contends that petitioner's second claim is procedurally defaulted because although petitioner sought the admission of these e-mails, he never argued that the exclusion of this evidence violated his constitutional right to present a defense and thus failed to preserve the claim.

The Michigan Court of Appeals ruled that petitioner's claim was unpreserved because he failed to argue that the exclusion of the evidence violated petitioner's right to present a defense, thus, that court reviewed the claim for plain error. Finding none, the Michigan Court of Appeals rejected petitioner's claim. *Dawson*, 2010 WL 2629784, at *4-5.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object to the exclusion of this evidence on constitutional grounds at trial, petitioner had not preserved his second claim. The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's claim does not constitute a waiver of the state procedural default. *See Seymour v. Walker,* 224 F. 3d at 557. Instead, this Court should view the Michigan Court of Appeals' review of petitioner's claim for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion

clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claim is procedurally defaulted.

Petitioner has offered no reasons for his failure to preserve his right to present a defense claim. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533; *Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Respondent contends that petitioner's third through fifth claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

MC.R. 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last

state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention the petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of the petitioner's claims. *Id.*

The trial judge, in denying petitioner's post-conviction motion, initially cited M.C.R. 6.508(D)(3) and its requirement that a criminal defendant is required to establish good cause and actual prejudice for seeking post-conviction relief on a claim that he or she failed to raise on direct appeal. *People v. Dawson,* No. 08-03462-FC, * 2. The trial judge then ruled that petitioner failed to meet his burden

of establishing good cause for failing to raise his post-conviction claims "through the traditional appellate process." *Id.,* * 3. Because the trial court judge clearly denied petitioner post-conviction relief based on the procedural grounds stated in Mich.Ct.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to Mich.Ct.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005). The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999)(Rosen, J.). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d at 267. Petitioner's third through fifth claims are procedurally defaulted.

Petitioner alleges ineffective assistance of appellate counsel. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on

appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

Notwithstanding *Barnes*, it is still possible to bring a *Strickland [v. Washington]* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are

clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003)(Tarnow, J.).

Petitioner failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his third through fifth claims from petitioner's appeal of right. Petitioner's initial appellate counsel from the State Appellate Defender's Office filed a forty eight page appeal brief which raised three claims, including the first two claims that petitioner raises in his current petition. [1] Petitioner has not shown that appellate counsel's strategy in presenting these three claims and not raising other claims was deficient or unreasonable. Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by

---

[1] *See* Defendant-Appellant's Brief on Appeal, Dkt. # 6-31.

-12-

petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

The Court is also aware that petitioner attempted to raise a portion of his fifth claim in a *pro per* supplemental brief on appeal but the Michigan Court of Appeals refused to accept the brief because petitioner retained appellate counsel after his court appointed appellate counsel had filed his brief on appeal and the Michigan court rules do not permit a criminal defendant to file a *pro per* supplemental brief on appeal when he or she is represented by retained counsel.[2]

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. There is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F. 3d at 684. Thus, any refusal by the Michigan Court of Appeals to accept such a *pro se* brief for filing would not constitute cause to

---

[2] *See* Letter to Mr. Matthew S. Kolodziejski from the Michigan Court of Appeals, dated January 25, 2010. [Part of this Court's Dkt. # 6-32].

excuse petitioner's default in this case nor would it state a claim upon which habeas relief can be granted. *Id.*

Petitioner failed to establish cause for failing to raise his third through fifth claims on his direct appeal. This Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. at 533; *Harris v. Stegall,* 157 F. Supp. 2d at 750.

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup,* 513 U.S. at 326-27. Petitioner's sufficiency of evidence claim (Claim # 3) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Petitioner also challenges the credibility of several witnesses, including Marvin Snyder, a fellow inmate at the Kent County Jail who testified at trial that petitioner confessed to murdering his wife. Impeachment evidence does not provide sufficient evidence of actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998)(newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence); *See also Harris v. Stegall,* 157 F. Supp. 2d at 750-51 (state trial

court's allegedly erroneous exclusion of victim's statements to police was insufficient to justify invoking fundamental miscarriage of justice exception to procedural default rule on federal habeas review when statements were merely impeaching and did not provide basis for any claim of actual innocence).

Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his second through fifth claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's second claim on direct appeal, by the Kent County Circuit Court judge in rejecting petitioner's third through fifth claims when he denied petitioner's post-conviction motion, and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that his procedurally defaulted claims have any merit. In particular, the reasons justifying the denial of petitioner's procedurally defaulted claims were "ably articulated by the" Michigan Court of Appeals in rejecting petitioner's second claim on direct

review and by the Kent County Circuit Court in rejecting petitioner's third through fifth claims on post-conviction review, therefore, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See e.g. Bason v. Yukins,* 328 Fed. Appx. 323, 324 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his procedurally defaulted claims.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be

taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001)(Steeh,J.). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: June 23, 2015

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2015, by electronic and/or ordinary mail and also on Timothy Dawson #710532, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Barbara Radke
Deputy Clerk